**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*,[1] | ) | Case No. 19-80064 (TLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**
**SHOPKO INSTITUTIONAL CARE SERVICES CO., LLC (CASE NO. 19-80072)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Specialty Retail Shops Holding Corp. (0029); Pamida Stores Operating Co., LLC (6157); Pamida Transportation, LLC (4219); Penn-Daniels, LLC (0040); Place's Associates' Expansion, LLC (7526); Retained R/E SPE, LLC (6679); Shopko Finance, LLC (1152); Shopko Gift Card Co., LLC (2161); ShopKo Holding Company, LLC (0171); ShopKo Institutional Care Services Co., LLC (7112); ShopKo Optical Manufacturing, LLC (6346); ShopKo Properties, LLC (0865); ShopKo Stores Operating Co., LLC (6109); SVS Trucking, LLC (0592).  The location of the Debtors' service address is: 700 Pilgrim Way, Green Bay, Wisconsin 54304.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| SPECIALTY RETAIL SHOPS HOLDING CORP., *et al.*, | ) Case No. 19-80064-TLS |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### GLOBAL NOTES AND
### STATEMENT OF LIMITATIONS, METHODOLOGY,
### AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
### OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Specialty Retail Shops Holding Corp. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases, (the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Nebraska (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Russell L. Steinhorst has signed each set of the Schedules and Statements. Mr. Steinhorst serves as the Chief Executive Officer at Debtor Specialty Retail Shops Holding Corp., and he is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Steinhorst has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Given the scale of the Debtors' business and the hundreds of stores covered by the Schedules and Statements, Mr. Steinhorst has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting,

communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

## <u>Global Notes and Overview of Methodology</u>

1.    **<u>Description of Cases</u>.**  On January 16, 2019, (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 16, 2019, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 25].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2.    **<u>Global Notes Control</u>.**  These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements conflict these Global Notes, these Global Notes shall control.

3.    **<u>Reservations and Limitations</u>.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)    **No Admission.**  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)   **Recharacterization.**   Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

(c)   **Classifications.**   Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(d)   **Claims Description.**   Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e)   **Estimates and Assumptions.**   The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(f)   **Causes of Action.**   Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

(g)   **Intellectual Property Rights.**   Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been

abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(h)   **Insiders.**   In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  Such individuals may no longer serve in such capacities.  In the interest of additional disclosure, the Debtors have also included certain individuals who may have officer titles in their responses to Statements, Part 13, Question 28.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

4.   **Methodology.**

(a)   **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)   **Confidential Information.**  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality and protection of sensitive commercial information (*e.g.*, names of customers), or concerns for the privacy of an individual.

(c)     **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities and prepetition payments once.

(d)     **Net Book Value.**  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of January 15, 2019.  Market values may vary, at certain times materially, from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(e)     **Property and Equipment.**  Unless otherwise indicated, owned property and equipment are valued at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(f)     **Allocation of Liabilities.**  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(g)     **Undetermined Amounts.**  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(h)     **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(i)     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(j)     **Paid Claims.**  The Debtors have authority to pay certain outstanding prepetition payables pursuant to bankruptcy or other court order; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on

5

prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements with the exception that liabilities with respect to the Debtors' prepetition vendors may be listed at the amount outstanding as of the Petition Date, regardless of whether such claims have been settled and paid postpetition in accordance with the *Order (I) Authorizing the Debtors to Pay Prepetition Claims of Lien Claimants, Import Claimants, and 503(B)(9) Claimants, (II) Confirming Administrative Expense Priority of Outstanding Orders, and (III) Granting Related Relief* [Docket No. 74] (the "Lien Claimants Order"). To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

(k) **Intercompany Claims.** Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are used for accounting purposes only and are never settled in cash. Furthermore, as these claims net to zero on a consolidated basis, they are not included in the Statements and Schedules.

(l) **Guarantees and Other Secondary Liability Claims.** The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors. The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

(m) **Excluded Assets and Liabilities.** The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits. Other immaterial assets and liabilities may also have been excluded.

(n) **Liens.** The inventories, property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(o) **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(p) **Setoffs.** The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of

transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers. These normal, ordinary course setoffs and nettings are common to the retail industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.      **Specific Schedules Disclosures.**

(a)      **Schedule A/B, Part 1, Question 4.** The Debtors consider credit card A/R as a "cash equivalent" and such amounts are listed in Schedule A/B, Part 1, Question 4 rather than A/B Part 3, Question 11.

(b)      **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of a Final Order (I) Authorizing the Debtors to (A) Continue to Operate their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 18] (the "Cash Management Motion") and any orders of the Bankruptcy Court granting the Cash Management Motion.

As described in the Cash Management Motion, the Debtors have 285 non-consolidated store-level deposit accounts, all of which are swept daily to a zero balance. For purposes of the Schedules and Statements, therefore, the Debtors have listed such balances at the amount as of January 15, 2019.

Additionally, the Bankruptcy Court, pursuant to the *Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services,(III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief* [Docket No. 71], has authorized the debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the aggregate amount of $1.29 million. Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

(c)      **Schedule A/B, Part 3, Question 11.** No doubtful or uncollectible amounts are listed in either Question 11a or 11b. The Debtors' accounting practice is to list the

full value of the receivable and write that amount off to the extent it becomes uncollectable.

(d)   **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**   Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

(e)   **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.**   Dollar amounts are presented net of accumulated depreciation and other adjustments.

(f)   **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of impairments and other adjustments.

Additionally, the Debtors may receive refunds for sales and use tax at various times throughout their fiscal year.   As of the Petition Date, however, certain of these amounts are unknown to the Debtors, and accordingly, may not be listed in Schedule A/B.

***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.***   In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers.   Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant.   Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

***Interests in Insurance Policies or Annuities.***   A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue and Renew their Liability, Property, Casualty, and Other Insurance Policies and Honor all Obligations in Respect Thereof, (B) Continue and Renew their Prepetition Insurance Premium Financing Agreements, and (C) Continue the Surety Bond Programs, and (II) Granting Related Relief* [Docket No. 13].   The Debtors believe that there is little or no cash value to the vast majority of such insurance policies.   To the extent an insurance policy is determined to have value, it will be included in Schedule A/B.

***Executory Contracts and Unexpired Leases.***   Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of

8

such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have only listed such agreements in Schedule G.

(g)   **Schedule A/B, Part 11, Question 72**. The amounts listed reflect a tax effective rate that is an estimate for the go-forward used NOLs and tax refunds assuming a change in control.

(h)   **Schedule D – Creditors Who Have Claims Secured by Property.**  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

Additionally, the treatment of certain secured creditors' claims listed in Schedule D are subject to the payment priority set forth in that certain Third Amended and Restated Loan and Security Agreement, dated as of February 7, 2012 (as amended by that certain Ratification and Amendment Agreement, dated as of January 16, 2019, and as further amended, restated, supplemented, or otherwise modified from time to time).

(i)   **Schedule E/F – Creditors Who Have Unsecured Claims.**

*Part 1 - Creditors with Priority Unsecured Claims.*  Pursuant to the *Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 68] (the "Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Order are not listed in Schedule E.

Moreover, in lieu of listing all of the Debtors' possible taxing authorities for notice purposes in Schedule E/F—a list that numbers in the thousands—the Debtors have only listed those taxing authorities with which the Debtors have pending audits.

(j)     Furthermore, pursuant to the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 98] (the "Wages Order") the Debtors received final authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtors have not listed on Schedule E/F any wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to the Employee Wage Order or other order that may be entered by the Bankruptcy Court.  The Debtors believe that any non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 - Creditors with Nonpriority Unsecured Claims.***  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors. However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor based on a contractual obligation.  Instead, the Schedules reflect the liability based on the Debtors books and records.

Schedule E/F, Part 2, contains information regarding certain compensation-related claims of insiders of the Debtors, with such claims being listed as both "contingent" and "unliquidated."  In scheduling such claims, the Debtors make no representation or assertion as to the validity of such claims, and the Debtors reserve all rights, claims, and defenses in connection therewith.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors.  The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.  For the avoidance of doubt, demand letters received from potential litigants as a result of alleged injuries sustained at one of the Debtors' stores that do not list a specific Debtor are listed on Debtor Specialty Retail Shops

Holding Corp.'s ("Specialty Retail") Schedules as Specialty Retail is the signatory to all store leases.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if and as they receive such invoices.

(k)     **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, relationships between the Debtors and its customers are often governed by a master services agreement, under which customers also place work and purchase orders, which may be considered executory contracts. Disclosure of all of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose master services agreements in Schedule G, purchase and work orders placed thereunder may have been omitted.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

11

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

(l) **Schedule H – Co-Debtors.** For purposes of Schedule H, only the agent under the prepetition credit facility or counterparties that are subject to a guaranty are listed as Co-Debtors on Schedule H. The Debtors have not listed any litigation-related Co-Debtors on Schedule H. Instead, all such listings can be found on the Debtors' Schedule E/F.

6. **Specific Statements Disclosures.**

(a) To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

(b) **Statements, Part 2, Question 6 – Setoffs.** For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(p) of these Global Notes.

(c) **Statements, Part 5, Question 10 – Certain Losses.** Given the scale of the Debtors' store footprint, certain losses, including those losses attributable to theft, are unable to be tracked by the Debtors with complete accuracy, and accordingly, such losses have not been listed on the Debtors' Statements. Additionally, the Debtors only account for general recoveries of such losses, with this general amount being the recovery listed in the Statements for the 1 year immediately before the Petition Date.

(d) **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.** The attachment to Question 11 on all Statements reflect payments to professionals on behalf of the Debtors on a consolidated basis. The Debtors believe that it would be

an inefficient use of the assets of the Debtors' estates for the Debtors to allocate these payments on a Debtor-by-Debtor basis.

(e)     **Statements, Part 6, Question 13 – Transfers not Already Listed on Statements.** In the ordinary course of their business, the Debtors often close or remodel store locations, and in the process of doing so, may give away certain fixtures possessing little to no economic value.  Given the frequency of such gifts and the difficulty in accounting for them, the Debtors have not listed such transfers in their Statements.

(f)     **Statements, Part 11, Question 21 – Property Held for Another.**  The Debtors are obligated under various agreements and programs to remit certain funds held for third parties to those parties, and have received authorization to do so under both the Lien Claimants Order and Wages Order.  To the extent that any of the funds described above are held or paid for the benefit of third parties, such funds may not constitute property of the Debtors' estates, and the Debtors therefore have not included such amounts in their responses to Statement Question 21. The Debtors further reserve all rights they have as to whether any such funds constitute property of the estate.

(g)     **Statements, Part 7, Question 14 – Prior Locations.**  The Debtors operate a national enterprise with locations throughout the U.S.  The Debtors have not disclosed the addresses of all of these locations.  Rather, the address of each Debtor's main center of operations or headquarters was included in the Debtors' Voluntary Petitions.  For most of these locations, the dates of occupancy are not readily available.

(h)     **Statements, Part 12, Questions 22-24 – Details About Environmental Information.**  The Debtors have endeavored to disclose all applicable information in response to Statements, Part 12, Questions 22–24.

(i)     **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided full lists of these parties in their Responses to Statement Question 26.

(j)     **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders.**  The Debtors incorporate by reference the *List of Equity Security Holders* filed as part of their Voluntary Petitions.

(k)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.**  Distributions by the Debtors to their directors and officers are listed on the attachment to Question 4.  Certain directors and executive officers of Shopko are also directors and executive officers of certain of Shopko's Debtor and non-Debtor affiliates.  To the extent payments to such individuals are not listed in the response to Question 4 on the Statements for such Debtor affiliates,

they did not receive payment for their services as directors or executive officers of these entities.  Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date.  The amounts listed under Question 4 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

*        *        *        *        *

**Fill in this information to identify the case:**

Debtor name    **ShopKo Institutional Care Services Co., LLC**

United States Bankruptcy Court for the:    DISTRICT OF NEBRASKA

Case number (if known)    **19-80072**

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:    Income

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   |---|---|---|

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

   | Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

Debtor    **ShopKo Institutional Care Services Co., LLC**                    Case number *(if known)*  **19-80072**

---

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

| **Part 4:** | **Certain Gifts and Charitable Contributions** |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

| **Part 5:** | **Certain Losses** |
|---|---|

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
|  | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* |  |  |

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

---

Debtor    **ShopKo Institutional Care Services Co., LLC**    Case number *(if known)*    **19-80072**

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

| **Part 7:** | **Previous Locations** |
|---|---|

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold,

Debtor    **ShopKo Institutional Care Services Co., LLC**    Case number *(if known)*    **19-80072**

moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|
| | | | |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| | | | |

---

### Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

### Part 12:    Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

### 22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | |

### 23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?

■ No.
☐ Yes. Provide details below.

Debtor    **ShopKo Institutional Care Services Co., LLC**        Case number *(if known)* **19-80072**

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

   ☑ No.
   ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
    Include this information even if already listed in the Schedules.

   ☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| 25.1.   **See Attached SOFA Part 13 Question 25** | | EIN:<br><br>From-To |

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   **Gary Gibson**<br>**700 Pilgrim Way**<br>**PO Box 19060**<br>**Green Bay, WI 54307-9060** | **9/3/2002-Current** |
| 26a.2.   **John Per Brodin**<br>**700 Pilgrim Way**<br>**PO Box 19060**<br>**Green Bay, WI 54307-9060** | **3/19/2018-current** |
| 26a.3.   **Kelly Weerts**<br>**700 Pilgrim Way**<br>**PO Box 19060**<br>**Green Bay, WI 54307-9060** | **10/11/2010-Current** |
| 26a.4.   **Russell Steinhorst**<br>**700 Pilgrim Way**<br>**PO Box 19060**<br>**Green Bay, WI 54307-9060** | **1/25/09-Current** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement
    within 2 years before filing this case.

   ☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1.   **PricewaterhouseCoopers LLP**<br>**One North Wacker Drive**<br>**Chicago, IL 60606** | **7/31/2015-Current** |

Debtor   **ShopKo Institutional Care Services Co., LLC**                    Case number *(if known)*   **19-80072**

| Name and address | Date of service From-To |
|---|---|
| 26b.2.   **Ryan, LLC**<br>**13155 Noel Road**<br>**Three Galleria Tower**<br>**Suite 100**<br>**Dallas, TX 75240** | **7/1/2016-Current** |

| Name and address | Date of service From-To |
|---|---|
| 26b.3.   **Wisconsin Department of Revenue**<br>**P O Box 726**<br>**Stoughton, WI 53589** | **7/1/2016-Current** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   **Berkeley Research Group, LLC**<br>**2200 Powell Street**<br>**Suite 1200**<br>**Emeryville, CA 94608** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **J. Per Brodin** | **700 Pilgrim Way**<br>**Green Bay, WI 54304** | **Chief Financial Officer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Russell Steinhorst** | **700 Pilgrim Way**<br>**Green Bay, WI 54304** | **Chief Executive Officer** | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Susan A. Buckna** | **700 Pilgrim Way**<br>**Green Bay, WI 54304** | **Secretary** | |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

Debtor    **ShopKo Institutional Care Services Co., LLC**                          Case number *(if known)*  **19-80072**

☐ No
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|---------------------------------------------------|
| Peter G. Vandenhouten | 700 Pilgrim Way<br>Green Bay, WI 54304 | Secretary | 7/1/2000 - 2/2/2018 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|------------------------------------------------------|-------|--------------------------------|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|--------------------------------|----------------------------------------------------------|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|--------------------------|----------------------------------------------------------|

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 22, 2019**

**/s/ Russell Steinhorst**                                      **Russell Steinhorst**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **Chief Executive Officer**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☐ No
■ Yes

In re Shopko Institutional Care Services Co., LLC
Case No. 19-80072 (TLS)

SOFA Part 13, Question 25 - Other businesses in which the Debtor has or has had an interest

| Name of Owner | Address1 | City | State | Zip | Taxpayer ID No. (EIN) | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|---|---|---|---|
| Pamida Stores Operating co., LLC | 8800 F Street | Omaha | NE | 68127 | 20-3606157 | Store Operations | 10/11/2005 |
| Pamida Transportation, LLC | 8800 F Street | Omaha | NE | 68127 | 47-0714219 | General Freight Trucking | 12/23/2005 |
| Penn-Daniels, LLC | 700 Pilgrim Way | Green Bay | WI | 54304 | 37-1110040 | Store Operations | 12/23/2005 |
| Place's Associates Expansion, LLC | 8800 F Street | Omaha | NE | 68127 | 43-1827526 | Department Stores | 9/11/1998 |
| Retained R/E SPE, LLC | 700 Pilgrim Way | Green Bay | WI | 54304 | 20-4936679 | Activities Related to Real Estate | 5/16/2006 |
| Shopko Finance, LLC | 700 Pilgrim Way | Green Bay | WI | 54304 | 80-0781152 | Other Investment Pools and Funds | 2/2/2012 |
| Shopko Gift Card Co., LLC | 4161 Second Street South | St Cloud | MN | 56301 | 82-4422161 | Gift Card Program | 12/23/2005 |
| Shopko Holding Company, LLC | 700 Pilgrim Way | Green Bay | WI | 54304 | 20-3940171 | Department Stores | 12/9/2005 |
| Shopko Optical Manufacturing, LLC | 700 Pilgrim Way | Green Bay | WI | 54304 | 20-3616346 | Optical Business | 10/12/2005 |
| Shopko Properties, LLC | 700 Pilgrim Way | Green Bay | WI | 54304 | 41-1740865 | Department Stores | 12/23/2005 |
| Shopko Stores Operating Co., LLC | 700 Pilgrim Way | Green Bay | WI | 54304 | 20-3606109 | Store Operations | 10/11/2005 |
| Specialty Retail Shops Holding Corp. | 700 Pilgrim Way | Green Bay | WI | 54304 | 20-3940029 | Department Stores | 10/12/2005 |
| SVS Trucking, LLC | 700 Pilgrim Way | Green Bay | WI | 54304 | 41-1400592 | Trucking Company | 12/23/2005 |